**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WINNEMUCCA FARMS, INC., | ) | 3:05-CV-385-RAM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| LANCE ECKERSELL, ECKERSELL GROUP, INC., ARMtech INSURANCE SERVICES, INC., GUIDEONE SPECIALTY MUTUAL INSURANCE CO., WESTERN NATIONAL MUTUAL INSURANCE CO., AMERICAN AGRI-BUSINESS INSURANCE CO., and DOES 1-30, inclusive, | ) | |
| Defendants. | ) | |

Before the court is a motion by Defendants Lance Eckersell and Eckersell Group, Inc. (collectively "Eckersell") for the court to reconsider a stay on this action pending anticipated criminal proceedings (Doc. #125). Co-defendants ARMtech Insurance Services, Inc., Guide One Specialty Insurance Co., Western National Mutual Insurance Co., and American Agribusiness Insurance Co. (collectively "ARMtech") have joined. (Doc. #126.) Plaintiff Winnemucca Farms, Inc. ("WFI") has opposed (Doc. #133), and Defendants have replied (#134). After considering the papers and the arguments presented therein, and with good cause appearing, the court denies the motion to reconsider its previous order.

/ / /
/ / /
/ / /
/ / /

## I. LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order pursuant to Federal Rule of Civil Procedure 54(b)[1] or its inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction ...." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir.2001)*; Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). A district court should not reconsider its initial decision unless there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) clear error or manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd. in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987). The motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Mutual Life Ins. Co. of New York v. Pointe Tapatio Resort Prop. No. 1*, 206 F.R.D. 495, 497 (D.Ariz. 2002). "[A] failure to correct *clear* legal error constitutes abuse of discretion in this context;" a denial on merely erroneous grounds will not suffice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999) (emphasis in original).

A motion to reconsider is an extraordinary remedy warranted only under special circumstances. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (internal citations and quotations omitted). A motion to reconsider is not a vehicle for parties to make new arguments that could have been raised in their original briefs. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

---

[1] Defendants bring their motion under Rule 59(e) of the Federal Rules. That provision, however, applies to reconsideration of final judgments and appealable interlocutory orders, not, as in this case, an order that does not "end[ ] litigation on the merits [or] leave[ ] nothing for the court to do but execute the judgment." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D.Ariz. 2003) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

2

## II. DISCUSSION

In November 2008, this court granted WFI's motion to stay the proceedings and vacated the December 8th, 2008 trial date. The court applied the multi-factor balancing test found in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), to arrive at its decision. In their original briefs regarding WFI's motion to stay, Eckersell apparently agreed with WFI that the court should apply the Ninth Circuit's balancing test to determine whether a stay is appropriate in the face of parallel criminal and civil proceedings. (Doc. #119 at 9 (applying *Federal Sav.and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).) In their reply brief, Defendants now argue that this test is not controlling because "the factors referred to in these cases ... do not come into play because this Court first should have evaluated WFI's ability to base its motion to stay on the Fifth Amendment rights of non-party officers and employees." (Doc. #134 at 3.) A change in a litigant's legal position is not one of the extraordinary circumstances justifying a motion to reconsider and suggests why such motions are generally discouraged.

The court is not persuaded that WFI must demonstrate third-party standing as a predicate for a motion to stay under these circumstances. WFI is not vicariously asserting the Fifth Amendment privilege belonging to various nonparty employees and officers. Rather, its motion is based on the inability to adequately present or defend its case due to the availability of witness testimony essential to its case. This factor was weighed by the court among others in granting the motion to stay according to the *Molinaro* analysis. Therefore, Defendants have failed to demonstrate "clear error" in the court's ruling, particularly in light of the discretionary nature of the balancing test that applies. Accordingly, the motion to reconsider is denied.

Defendants also request a certification for interlocutory appeal. Title 28 U.S.C. § 1292(b) allows a certification for interlocutory appeal when three factors are present: 1) a controlling issue of law, 2) a substantial ground for difference with respect to that issue, and 3) the interlocutory appeal would likely speed the termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Furthermore, the party seeking

certification must also show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 467, 475, 98 S.Ct. 2454, 57 L.Ed.2d 251 (1978) (quoting *Fisons, Ltd. v. United States*, 4578 F.2d 1241, 1248 (7th Cir. 1972)).

In this case, certification is not appropriate because the stay falls within the court's discretion and therefore does not implicate "a controlling issue of law." *Keating,* 45 F.3d at 324 (decision to stay the proceeding is committed to the court's discretion); *see also Control Data Corp v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 326 (8th Cir. 1970). None of the authorities cited by Defendants suggest the extraordinary case of a "substantial" disagreement with the court's application of the *Keating* factors to this case. Neither are these authorities directly on point. For example, the leading authority discussed in Defendant's motion, *SEC v. First Jersey Securities, Inc.*, 1987 U.S. Dist. LEXIS 10157 (S.D.N.Y. 1987), occurs in the discovery context and does not address the issue of whether a corporate defendant may be prejudiced at trial by a pending grand jury investigation against its officers and directors. Therefore, the court declines to certify the order for interlocutory appeal.[2]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (Doc. # 125) is **DENIED**.

DATED: May 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The court need not determine whether the stay falls within the collateral order exception to the final judgment, as that issue is not before the court.

4